# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DAMION BROWN, | ) | CASE NO. 4:17-cv-0075 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| CEO DAMON HININGER, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Damion Brown is a federal pretrial detainee housed at the Northeast Ohio Correctional Center ("NEOCC"). He has filed this *in forma pauperis* civil rights action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971),[1] against the prison warden, twelve employees, and the CEO of CoreCivic, the private entity that operates the prison. (Doc. No. 1.) He alleges his rights under the Eighth Amendment have been violated because NEOCC employees failed to protect him from attacks and harassment by another inmate and thereafter failed to provide him adequate medical care for his injuries. (*Id.* at 8-16; 17-19.) He also alleges a First Amendment claim based on allegations that the warden and two NEOCC officers confiscated documentation and exhibits he wished to present in this case and in another case in which he brought charges against his attacker. (*Id.* at 16-17.)

---

[1] *Bivens* provides federal inmates and detainees with a limited cause of action for federal civil rights violations analogous to that provided against state actors under 42 U.S.C. § 1983.

For relief, plaintiff seeks compensatory and punitive damages and "a preliminary injunction against the refusal of NEOCC medical staff to provide him with medical treatment." (*Id*. at 20.)

## I. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), federal district courts are required, under 28 U.S.C. § 1915(e)(2)(B), to review all *in forma pauperis* actions, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. In order to state a claim on which relief may be granted, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

## II. Analysis

Upon review, the Court finds that plaintiff's complaint must be dismissed under § 1915(e)(2)(B) because, even liberally construed, it fails to state any cognizable claim under *Bivens*.

First, plaintiff has failed to state any cognizable claims for damages under *Bivens* based

on the Supreme Court's decision in *Minneci v. Pollard*, 565 U.S. 118, 132 S. Ct. 617, 181 L. Ed. 2d 606 (2012). In *Minneci*, the Supreme Court held that a federal prisoner could not assert *Bivens*' claims against privately-employed personnel working at a privately-operated federal prison. The Court held:

> where, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law . . ., the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

*Id.* at 131.

The wrongful conduct plaintiff alleges in his complaint—negligent failure to protect him from an attacker, confiscation and destruction of materials he wished to present in legal cases, and failure to provide him necessary medical treatment—is all appropriately described as "of a kind that typically falls within the scope of traditional state law." Therefore, *Minneci* controls, and plaintiff has no cognizable constitutional claim for damages against the defendants, all officials or employees of a privately-run prison. *See, e.g., Camp v. Richardson*, No. 11-3128-SAC, 2014 WL 958741, at *1 (D. Kan. Mar. 11, 2014) (dismissing *Bivens* damages action against employees of a privately-operated detention center in which the plaintiff alleged that the employees failed to protect him from an attack by a cellmate and denied him medical and mental health treatment).

Second, to the extent plaintiff's claim for "a preliminary injunction against the refusal of NEOCC medical staff to provide him with medical treatment" is not barred by *Minneci*, his allegations are insufficient to allege a plausible claim under the Eighth Amendment. Failure to provide adequate medical treatment to a prisoner violates the Eighth Amendment's prohibition against cruel and unusual punishment only when it can be said to result from "deliberate

indifference" to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). To establish a claim, a plaintiff must show both that his medical condition posed a "substantial risk of serious harm" to him, and that the prison official in question acted with deliberate indifference to that risk. *See Farmer v. Brennan*, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (citations omitted). "Deliberate indifference is characterized by obduracy or wantonness – it cannot be predicated on negligence, inadvertence, or good faith error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012) (citation omitted).

Plaintiff' allegations and exhibits he submits with his complaint indicate he was seen in the prison medical department several times for his injuries. (*See* Doc. No. 1 at 17-18, Exs. A and B.) He was given an X-ray, diagnosed with a concussion, and prescribed pain medication. The plaintiff contends the treatment he has been provided is inadequate and that he is "not receiving the care he needs." (*Id*. at 19.) But it is well-established that "differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim." *Ward v. Smith*, 100 F.3d 958, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). Rather, whereas here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976) (citations omitted).

Even assuming plaintiff's allegations are sufficient to suggest a plausible claim for negligence or medical malpractice under state tort law, they are insufficient to suggest he has been subjected to cruel and unusual punishment within the meaning of the Eighth Amendment.

### III. Conclusion

Accordingly, for the reasons stated above, plaintiff's complaint fails to allege any plausible federal civil rights claim on which relief may be granted under *Bivens*, and this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal is without prejudice to any valid state law claim plaintiff may assert on the facts alleged. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this dismissal could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: August 15, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**